IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GARY HILL and WANDA HILL, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS E. WINTER; JOEL CONSTRUCTION COMPANY, and BUILDING TRENDS, INC. <br><br> Defendants. | |
| THOMAS E. WINTER and BUILDING TRENDS, INC., <br><br> Third Party Plaintiffs, <br><br> v. <br><br> CLASSIC WOODWORKS, INC., et al., <br><br> Third Party Defendants. | CIVIL ACTION FILE <br> NO. 1:05-CV-2026-GET |

## PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT JOEL CONSTRUCTION COMPANY'S FIRST INTERROGATORIES

Plaintiffs Gary Hill and Wanda Hill (hereinafter collectively referred to as the "Hills") respond to the First Set of Interrogatories of Defendant Joel Construction Company ("Joel") as follows:

### Reservations

1. Plaintiffs' responses are based upon information and documentation presently available to Plaintiffs and are believed to be true and correct to the best of their knowledge. Plaintiffs are continuing their investigation and analysis of the claims and defenses raised by the parties and reserve the right to use any subsequently discovered facts or information at trial. Plaintiffs will amend or otherwise supplement their responses as further information is obtained

to the extent required by the Federal Rules of Civil Procedure.

2. Plaintiffs do not intend to make any incidental or implied admissions of fact by responding to these Interrogatories, and the only information to be drawn from such responses, if any, shall be express. Plaintiffs do not admit to the existence of any facts set forth or assumed by the underlying Interrogatory, nor do they admit the response will constitute admissible evidence. The responses, as well as any of the related subparts, do not constitute a waiver of Plaintiffs' general or specific objections to the use of any particular Interrogatory or response at trial.

## Objections

1. Plaintiffs object to the Interrogatories to the extent they are unduly burdensome or otherwise impose an unreasonable duty of investigation upon Plaintiffs.

2. Plaintiffs object to the Interrogatories to the extent they seek information which could otherwise be obtained by Joel from any documents which will be produced, or from any third parties, with substantially the same effort as would be required by Plaintiffs.

3. Plaintiffs object to the Interrogatories that are vague and ambiguous or otherwise fail to adequately define the terms or phrases requesting information.

4. Plaintiffs object to any Interrogatories or subparts seeking information protected by the attorney/client privilege, attorney work product, or otherwise prepared in anticipation of litigation.

5. Plaintiffs object to the Interrogatories to the extent Joel attempts to impose any duties and obligations upon Plaintiff greater than those otherwise required by Fed. R. Civ. P. 26 and 33.

6. Plaintiffs object to the Interrogatories to the extent they seek documents or information having no relevance to the subject matter of this lawsuit.

EXHIBIT "B"

## INTERROGATORY NO. 1

Please identify each person who participated in preparing the answers to these Interrogatories and identify each document used or referred to in answering said Interrogatories.

### RESPONSE:

Gary Hill, Wanda Hill and their attorneys.

## INTERROGATORY NO. 2

List each item of expense or damage that you have incurred as a result of the incident(s) described in the Complaint, giving for each item the date incurred, the name and business, and the person or entity to whom each was paid or is owed, and the goods or services for which each was incurred.

### RESPONSE:

Plaintiffs seek damages for the costs required to complete the construction of their home, as well as the costs to investigate, test and repair any and all defective and damaged work performed on the home. Most, if not all, of this work has not been performed yet, and thus the date incurred, the name and business, and the person or entity to whom each was paid or is owed, and the goods or services for which each was incurred is not yet known. Plaintiffs also seek punitive damages and attorney's fees. Plaintiffs will supplement this response as required.

## INTERROGATORY NO. 3

List the name(s), address(es) and phone number(s) of all persons who are believed, or known by you, your agents, or your attorneys, to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the person has knowledge. In your response to this Interrogatory, be certain to describe in detail all the facts and information known to the person identified regarding any issue in the lawsuit.

Received Feb-10-06 10:24am From-Troutman S  EXHIBIT "B"  e Ingram Johnson Page 004

**RESPONSE:**

Gary Hill and Wanda Hill
8509 River Club Way
Knoxville, TN 37922

Thomas E. Winter

Jim Joel

Bettina Davis
3800 Mansell Rd.
Alpharetta, GA 30022
770-365-8800
Tina Davis is believed to be the real estate agent who handled the sale of the property to Plaintiffs and is thus believed to have knowledge of the transaction.

Alera Jill Elliott
770-521-1180
Jill Elliott is believed to be the closing attorney for the sale of the property to Plaintiffs and is thus believed to have knowledge of the transaction.

David Bennett
277 Pat Mell Rd.
Suite A&B
Marietta, GA 30060
770-333-1647
David Bennett was hired by Plaintiffs to inspect portions of the construction work, particularly the stucco, and is believed to have knowledge of such.

Plaintiffs believe that Defendants Thomas E. Winter ("Winter") and Building Trends, Inc. ("BTI") enlisted numerous employees, engineers, architects, subcontractors and suppliers to perform work related to the construction of the home, but do not have first-hand knowledge of these potential persons or entities.

## INTERROGATORY NO. 4

Have you heard, or do you know about any statement(s) or remark(s) made by or on behalf of Joel Construction that would constitute an admission party in this lawsuit? If so, state the name(s), address(es), and telephone number(s) of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of each statement.

EXHIBIT "B"

### RESPONSE:

Plaintiffs object to this Interrogatory on the basis that it is vague and overbroad. Subject to that objection, Plaintiffs state that they are unaware at this time of any specific statements made by Joel.

### INTERROGATORY NO. 5

State the name(s), address(es), and telephone number(s) of every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody or control of, any documents, contracts, deeds, correspondence, memoranda, notes, or any other materials pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name(s), address(es), and telephone number(s), who took or prepared the item, and the date it was taken or prepared.

### RESPONSE:

Plaintiffs object to this Interrogatory on the basis that it is vague and overbroad. Subject to that objection, Plaintiffs state that they and/or their attorneys are in possession of documents related to this case. Plaintiffs further state that the individuals identified in the Response to Interrogatory No. 3 may have knowledge, possession, custody or control of documents related to this case, but do not have first hand knowledge of such.

### INTERROGATORY NO. 6

State the name(s), address(es), and telephone number(s) of every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody or control of, any model, drawing, blueprints, plans, architectural drawings or designs, motion pictures, videotapes, photographs, and/or audio tapes pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name(s), address(es), and telephone number(s), who took or prepared the item, and the date it was taken or prepared.

### RESPONSE:

Plaintiffs object to this Interrogatory on the basis that it is vague and overbroad. Subject to that objection, Plaintiffs state that they and/or their attorneys are in possession of photographs related to this case. Plaintiffs further state that the individuals identified in the Response to Interrogatory No. 3 may have knowledge, possession, custody or control of any model, drawing, blueprints, plans, architectural drawings or designs, motion pictures, videotapes, photographs, and/or audio tapes related to this case, but do no have first hand knowledge of such.

### INTERROGATORY NO. 7

Do you intend to call any expert witness at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

### RESPONSE:

Plaintiffs state that they have not yet determined which expert witness(es) they will call at trial. Plaintiffs state that they may call David Bennett, identified in the Response to Interrogatory No. 3, who can testify to aspects of the defective construction, particularly the installation of the stucco system.

### INTERROGATORY NO. 8

State whether or not you have ever been a party, either plaintiff or defendant, to any lawsuit other than the present matter, and, if so, state whether you were a plaintiff or a defendant, the nature of the action, and the date when, and court where, such suit was filed.

EXHIBIT "B"

**RESPONSE:**

Plaintiffs object to this Interrogatory on the basis that it is overbroad and irrelevant. Subject to that objection, Plaintiffs state that they were originally named defendants in the related case of <u>Building Trends, Inc. and Thomas E. Winter v. Hermitage Insurance Co.</u>, United States District Court, Northern District of Georgia, No. 1:05-CV-2124-RWS, before it was removed to federal court, and are named defendants in the related case of <u>Hermitage Insurance Co. v. Building Trends, Inc., Thomas E. Winter, Gary Hill and Wanda Hill</u>, United States District Court, Northern District of Georgia, No. 1:05-CV-2414-RWS.

**INTERROGATORY NO. 9**

Identify any person(s) whom you have contacted regarding the things and matters referred to, or allegations put forward in Plaintiff's Complaint. The answer to this Interrogatory should include, but not be limited to:

(A) the time and date of the communication between you and that person;

(B) the substance of all information or knowledge concerning the communication;

(C) whether any such person gave a statement or account, either orally or in writing, and the basis of his or her knowledge; and,

(D) identification of any and all documents concerning or pertaining to such communications referred to in the answer to this Interrogatory.

**RESPONSE:**

Plaintiffs object to this Interrogatory on the basis that it is vague, overbroad, irrelevant, and requests information protected by the attorney-client privilege and attorney work product doctrine.

EXHIBIT "B"

Received Feb-10-06 10:24am From-Troutman ore Ingram Johnson Page 008

## INTERROGATORY NO. 10

If you, your attorney(s), or any other representative(s) have taken or received any statement, either orally or in writing, from any person including parties who have information or knowledge relating to the subject matter(s) of Plaintiff's Complaint, or to the defense of Plaintiff's allegations as set forth in Defendant's Answer, please identify each person and identify all documents and communications resulting from or concerning the contents of any such statement.

### RESPONSE:

Plaintiffs object to this Interrogatory on the basis that it is vague, overbroad, irrelevant, and requests information protected by the attorney-client privilege and attorney work product doctrine.

## INTERROGATORY NO. 11

Identify all persons not previously identified in your responses to these Interrogatories but who, to your knowledge, information or belief:

(A) were any witnesses to the incident(s) giving rise to this lawsuit; or,

(B) have relevant knowledge concerning the incident(s) giving rise to this lawsuit, any issue of liability in this lawsuit; or any damages you claim in connection with this lawsuit.

### RESPONSE:

Plaintiffs refer to their response to Interrogatory No. 3.

## INTERROGATORY NO. 12

Other than this lawsuit, have you filed any other claims or insurance claims to any insurance company concerning the issue(s) in this lawsuit?

8

EXHIBIT "B" Blumberg No. 5119

**RESPONSE:**

No.

## INTERROGATORY NO. 13

Please identify by name(s), address(es), and telephone number(s) any and all contractors or subcontractors who worked on the subject property after Plaintiffs' executed their contract to purchase the property.

**RESPONSE:**

Plaintiffs state that they contracted with Defendant BTI and can only presume that BTI worked on the subject property.

## INTERROGATORY NO. 14

Please specify what facts and/or evidence support you claim that this Defendant misrepresented any facts to the Plaintiffs with regard to the construction of this home, or that Winter and/or BTI would actually construct the home, and this Defendant would not, including an itemization of the specific misrepresentations made by this Defendant, and all other elements of your fraud claim with particularity.

**RESPONSE:**

Plaintiffs state that, upon information and belief, Defendant Joel Construction Company identified itself as the contractor in procuring the building permit for improvements to the subject property.

## INTERROGATORY NO. 15

Please state whether or not a building permit was required for any remodeling work necessary to complete the home, as addressed in Paragraph 20 of the Complaint.

9

EXHIBIT "B"

**RESPONSE:**

Plaintiffs object to this Interrogatory on the basis that it is vague, ambiguous, irrelevant and calls for a legal conclusion.

### INTERROGATORY NO. 16

Please state your understanding of the building procurement process in Gwinnett County, Georgia.

**RESPONSE:**

Plaintiffs object to this Interrogatory on the basis that it is vague, ambiguous, irrelevant and calls for a legal conclusion.

### INTERROGATORY NO. 17

Please state your understanding of how a particular builder and/or contractor is selected for approval to build in Sugarloaf Country Club, where the subject residence is located.

**RESPONSE:**

Plaintiffs object to this Interrogatory on the basis that it is vague, ambiguous, irrelevant and calls for information that Joel, who represents itself as an approved builder in Sugarloaf Country Club, must be in possession of.

### INTERROGATORY NO. 18

Please specify each and every fact you have to support your claim that this Defendant engaged in negligent construction.

**RESPONSE:**

Plaintiffs state that the building permit for the project identified Joel as the contractor.

### INTERROGATORY NO. 19

Please specify each and every fact you have to support your claim that this Defendant engaged in civil conspiracy to defraud.

10


EXHIBIT "B"

**RESPONSE:**

Plaintiffs rely on the pleadings filed by Joel in this case as well as the identification of Joel in the building permit.

## INTERROGATORY NO. 20

Please specify each and every fact you have to support your claim that this Defendant acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense.

**RESPONSE:**

Plaintiffs have alleged in the Complaint that Joel has actively participated in fraud.

## INTERROGATORY NO. 21

Please state the total amount of attorneys' fees you have incurred as a result of pursuing the instant action, including the hourly rate of your attorneys and the number of hours incurred thus far.

**RESPONSE:**

Plaintiffs object to this Interrogatory on the basis that it seeks information subject to the attorney-client privilege. Plaintiffs further state that the amount of its attorneys' fees is unknown at this time.

## INTERROGATORY NO. 22

Please state the exact amount of damages, general and special, that you are claiming in this lawsuit and specify the basis upon which you have computed said general damages.

**RESPONSE:**

Plaintiffs seek damages for the costs required to complete the construction of their home, as well as the costs to investigate, test and repair any and all defective and damaged work performed on the home. Most, if not all, of this work has not been performed yet, and thus the

11

exact amount of damages is not yet known. As stated in the Complaint, Plaintiffs believe such costs could exceed $1,700,000.00. Plaintiffs also seek punitive damages and attorney's fees. Again, these amounts are not known, and cannot be known, at this time. Plaintiffs will supplement this response as required.

## INTERROGATORY NO. 23

Please state whether or not you engaged in any conversations with representatives of Joel Construction Company before entering into any contractual agreement with BTI, and if so, further state that date and time of such conversations, and give the name, address and telephone numbers of any participants in these conversations.

### RESPONSE:

Plaintiffs state that they had not engaged in any conversations with representatives of Joel Construction Company before entering into any contractual agreement with BTI.

## INTERROGATORY NO. 24

Please state whether or not any representatives of Joel Construction Company made any statements that were false and misleading, and if so, further state the date and time of such statements, and give the name, address and telephone numbers of who may have had made such statements, and of who may have heard such statements.

### RESPONSE:

Plaintiffs refer to the Response to Interrogatory No. 14. The Complaint does not aver that Defendant Joel made any specific statements to Plaintiffs. Plaintiffs further state that, upon information and belief, Joel made false statements to Gwinnett County in procuring the building permit.

## INTERROGATORY NO. 25

Please specify any contract or agreement, between Joel Construction Company and Plaintiffs, for any purpose whatsoever.

### RESPONSE:

Plaintiffs are unaware of any contract or agreement, between Joel Construction Company and Plaintiffs, for any purpose whatsoever.

This 13TH day of January, 2006.

William W. Hopson
Georgia Bar No. 366729
V. David Mura, Jr.
Georgia Bar No. 529888

**TROUTMAN SANDERS LLP**
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
Telephone: 404.885.3000
Facsimile: 404.885.3900

Counsel for Plaintiffs
Gary Hill and Wanda Hill

1591578v1