# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GARY HILL and WANDA HILL, § | |
| § | |
| Plaintiffs, § | |
| § | CIVIL ACTION FILE |
| VS. § | |
| § | NO.: 1 05-CV 2026-GET |
| THOMAS E. WINTER, JOEL § | |
| CONSTRUCTION COMPANY, § | |
| and BUILDING TRENDS, INC., § | |
| § | |
| Defendants. § | |

## DEFENDANT THOMAS E. WINTER'S INITIAL DISCLOSURES

COMES NOW, Thomas E. Winter, Defendant in the above styled action, and files this his Initial Disclosures pursuant to Fed.R.Civ.Proc. 26(a)(1).[1]

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Defendant does not contend that he was improperly identified.**

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If

---

[1] Undersigned counsel represents Defendant/Third Party Plaintiff Building Trends, Inc. ("BTI") as well as Defendant Winter. The undersigned has received a suggestion of bankruptcy indicating a stay of proceedings as to BTI and is therefore submitting these initial disclosures on behalf of Defendant Winter only.


EXHIBIT "C"

defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Other than the parties initially named by the Plaintiffs, Defendant would defer to the Third-Party Defendants named by bankrupt Defendant Building Trends, Inc. ("BTI") as necessary parties to this action at this stage in discovery.**

(3)  Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

1.  **BTI (an active party prior to filing its bankruptcy) and the Plaintiffs agreed to submit disputes over the contract for the sale of the home to arbitration. In fact, an arbitration between these parties is currently pending.**

2.  **BTI constructed the home in conjunction with the use of its subcontractors in compliance with the prevailing professional standards in the construction industry.**

3.  **When attempting to appease the demands of the Plaintiffs and finish the home, Defendants were requested by Wanda Hill to depart the property and never return. This demand was reiterated by Mr. Hill on a later date.**


EXHIBIT "C"